# GRICE *v.* JONES.

---

SPECIFIC PERFORMANCE; TENDER; VENDOR AND PURCHASER.

Where the beneficiary under a will agrees in writing to convey his interest in land devised to him for a specified sum, part of which is paid in cash, and by the agreement the purchaser agrees to pay the balance of the purchase price within twenty days after the admission of the will to probate, the purchaser, immediately upon the probate of the will, and upon the refusal by the vendor of a demand for a deed, is entitled to maintain a bill for specific performance of the agreement, without making a tender of the balance of the purchase price, or waiting for the expiration of the twenty days, and the fact that he filed his bill within fifteen minutes after making demand is immaterial.

No. 1986. Submitted March 16, 1909. Decided April 13, 1909.

HEARING on an appeal by the complainant from a decree of the Supreme Court of the District of Columbia, sitting as an equity court, dismissing a bill for specific performance.

*Reversed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a decree of the supreme court of the District of Columbia dismissing a bill in equity filed by appellant, George W. Grice, complainant below, against appellee, David Jones, defendant, to compel specific performance of the following contract:

This agreement entered into by and between David Jones, principal devisee and one of the heirs at law of George Grice (deceased), and George W. Grice, one of the grandchildren of the said George Grice.

Witnesseth: That whereas the said George Grice has died seised of a certain piece of real estate, to wit 12½ ft. front, on Wilson st., adjoining the east 12½ ft. by the full depth thereof of lot No. 3, in block No. 20 in Howard University subdivision, of the farm formerly owned by John A. Smith, and lying in the District of Columbia, as the same is recorded in the surveyor's office of said District in book marked (District No. 1) at pages 66 and 67.

And whereas, by the last will and testament of the said George Grice, said David Jones is made the principal devisee and is named as executor.

That the said David Jones has renounced his right to act as said executor, and consented that Thomas Walker, Esq., being made executor C. T. A.

And whereas the said George W. Grice desires to purchase from said David Jones such right, title, and interest which he, the said Jones, may be found seised of, after said will has been duly probated and the right to sell his interest shall have accrued, then the said George W. Grice agrees to purchase, and the said David Jones agrees to sell, his right, title, and interest

in and to the property above described for the agreed sum of $375, which sum is to be paid to the said David Jones without deduction of any kind, or liability on the part of said Jones for any debt, taxes, or other charge for which said property may be liable, upon the presentation by the said Jones to the said Grice of a deed conveying said interest. Twenty days' grace are allowed to said Grice from the date above named.

That, in order to secure the said Jones in the carrying out of this contract, the said Grice, party to this agreement, shall deposit the sum of $50 as earnest money at the signing of these presents, and it shall be counted as part of the said purchase money upon final settlement.

But, if default is made by said Grice after the conditions herein described are complied with, the said $50 shall be forfeited to the said David Jones.

"In witness hereof the parties to this contract have hereunto set their hands and affixed their seals, this 4th day of May, 1908.

David Jones          (Seal.)
Geo. W. Grice.       (Seal.)

Witnesseth:
    S. J. Block.
    Thomas Walker.

I acknowledge the receipt of the above-named $50, to be held in escrow.

S. J. Block.

It appears that, on the execution of this agreement, the complainant deposited the sum of $50, as therein provided, leaving a balance due thereon of $325. The will of George Grice was duly admitted to probate August 5, 1908. During the interval between the making of the agreement and the admission of the will to probate, both complainant and defendant advanced certain sums in payment of interests claimed by the heirs and in settlement of claims against the estate of George Grice. These matters, however, are not material to the consideration of this appeal.

Shortly after the admission of the will to probaate, defendant, by his actions, displayed a disposition to repudiate his contract. Hence, complainant, on August 11, 1908, tendered to defendant the sum of $298.50, the balance claimed by complainant to be due under the agreement, and demanded of defendant that he execute a deed for the property in question, in compliance with the terms of the agreement.. The tender was refused by defendant on the ground that, unless complainant paid one of the heirs, Arthur Grice, who was present when the tender was made, $100, he would not sign the deed, stating that he wanted to see Arthur Grice satisfied.

It is contended by complainant that, at various times during the period intervening between the signing of the agreement and the time of making the tender, he had advanced to defendant small sums of money, amounting to a total sum of $26.50. This sum, deducted from $325, the balance due on the contract, left $298.50, the amount tendered.

In the trial of the case below, the correctness of this account was denied by defendant; and upon this point the decision of the court seemed to turn. The court, in decreeing a dismissal of the bill because of the insufficiency of the tender, said: "There is no such evidence as would justify the court in finding that the $26.50 was paid to Jones on account of the $375, or even that that distinct amount was ever paid to him at all. It seems apparent from Ex. 4, in its present condition, that the entries were all made at the same time. The bill must be dismissed for want of a sufficient tender."

*Mr. Irving Williamson* and *Mr. George F. Collins* for the appellant.

*Mr. J. C. DePutron* and *Mr. Albert Sillers* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The other defenses interposed at the trial have been expressly waived by counsel for defendant, and they are here depending

solely upon the insufficiency of the tender. The tender is assailed upon the sole ground that it was not for the full balance claimed by defendant to be due under the contract. It will be observed that the correctness of the account for $26.50 was not questioned by defendant at the time the tender was made, but this matter, we think, is not material. Neither is it necessary to determine the sufficiency of the tender on the principle of a substantial compliance with the terms of the contract. These matters do not enter into the proper consideration of this case.

We are impressed with the contention of counsel for complainant that, under the terms of the agreement, no tender whatever was necessary. Under the terms of the contract, the defendant obligated himself to execute a conveyance of the property in question upon the admission of the will of George Grice to probate, and complainant was to pay the balance of the purchase price within twenty days thereafter. The precedent obligation of performance rested on the defendant. At the time complainant made the demand, defendant was six days in default of a performance of his part of the agreement, while complainant had yet fourteen days within which to perform his part of the agreement. The law as to the duty of contracting parties is well expressed in *Phillips & C. Constr. Co.* v. *Seymour,* 91 U. S. 646, 650, 23 L. ed. 341, 343, where the court said: "Where a specified thing is to be done by one party as the consideration of the thing to be done by the other, it is undeniably the general rule that the covenants are mutual and are dependent, if they are to be performed at the same time; and if, by the terms or nature of the contract, one is first to be performed as the condition of the obligation of the other, that which is first to be performed must be done or tendered before that party can sustain a suit against the other. There is no doubt that, in this class of contracts, if a day is fixed for performance, the party whose duty it is to perform or tender performance first must do it on that day, or show his readiness and willingness to do it, or he cannot recover in an action at law for nonperformance by the other party."

Applying this rule to the present case, the obligation rested

upon defendant first to perform his part of the agreement, and the consideration for such performance might be delayed by complainant for a period of twenty days. It is clear that defendant could not have enforced specific performance, except by the execution of the deed on the 5th of August, the date of the admission of the will of George Grice to probate, and the tender of such conveyance twenty days thereafter to complainant. But, what were the rights of complainant upon default of defendant? He was not required to tender performance of an obligation not yet due under the contract. But he had the right to demand performance by defendant to the extent of the execution of the deed, and, upon defendant's refusal, his right of action at once accrued. As said in the note to the case of *Pordage* v. *Cole,* 1 Wms. Saund. 320, *a,* quoted with approval by the Supreme Court in *Loud* v. *Pomona Land & Water Co.* 153 U. S. 564, 578, 38 L. ed. 822, 828, 14 Sup. Ct. Rep. 928 : "If a day be appointed for payment of money, or part of it, or for doing any other act, and the day *is* to happen, or *may* happen, *before* the thing which is the consideration of the money or other act is to be performed, an action may be brought for the money or for not doing such other act *before* performance ; for it appears that the party relied upon his *remedy,* and did not intend to make *performance* a condition precedent ; and so it is where *no time* is fixed for performance of that which is the consideration of the money or other act."

Complainant was neither required to make a tender nor await the date when performance on his part became obligatory, as conditions precedent to bringing his action to require specific performance by defendant. Demand was all that was essential. This was made in express terms at the time of the tender, and when defendant refused to execute a deed in compliance with his agreement, complainant's cause of action immediately accrued. The fact that he filed his bill within fifteen minutes after making the demand is immaterial. Time is not essential so long as the action is not barred by any statute placing a limitation upon the time of bringing such an action.

The judgment is reversed with costs, and the court is directed

to vacate the decree heretofore entered dismissing complainant's bill, and enter a decree requiring specific performance in accordance with the terms of the contract. *Reversed.*

A motion by the appellee for a rehearing or modification of the opinion was overruled May 4, 1909.